Bissell, J.,
delivered the opinion of the court.
While all of the proceedings in the district court'were not strictly in harmony with the practice which should prevail in this class of cases, the court commited no substantial error *148 of which the appellants can complain. Their first'attack is on the order of the court which consolidated the two actions for the purposes of trial. Section 20 of the Code, which they cite in support of their contention, undoubtedly provides that, where two actions are pending on two different causes of action between the same parties which might properly under the code have been joined, the court may order them consolidated and tried as one suit. The present case does not come within the purview of that statutory provision. It only relates to the joinder of different suits which have been brought on different causes of action. In the present case there were two suits brought on the same cause of action, the one against the Townsite Company and Putnam, to which Meily as an iutervenor became a party, and the other against the Townsite Company and Putnam alone, in a different tribunal. When the action was instituted in the county court against the Townsite Company and Putnam, the suit against the same parties on the same cause of action was still pending in the district court. In commencing the first action in the district court the plaintiff merely exercised the right granted him by the law and was entitled to prosecute that suit to final judgment. His attempt to exercise the same right a second time could have no possible effect upon his first cause of action, and the only remedy open to the defendants, when vexed by two suits for the same thing, was to plead in abatement to the second action the pendency of the first. Failing to do this, it was not error for the court to direct that the two suits be tried together, for in the exercise of its power in this direction it simply brought into the first suit another party, Meily, the determination of whose rights was essential to a cdmplete settlement of the controversy. It might perhaps have been more in accord with the usual practice to have restrained the plaintiff from maintaining the second action until the determination of the first, and to have ordered him to bring into that suit all persons whose interests must be ascertained in order to completely settle the dispute, and when the final decree should have been rendered, have *149 entered in the other suit an order of dismissal, with costs against the plaintiff. Which ever practice would be the more regular and the more exact is of little consequence, since no harm came to the appellants from the course which the court took in the premises.
When the suit was revived in the name of the executor the defendants made no objection, but took an order substituting the executor as a defendant in the cross bill which they filed. It is quite true that under the will the title to this-land passed to Edward S. Lyon as the tenant for life, and-the remainder passed in fee to the surviving children. In an action which concerns the title to realty, the tenant for life at least, if not also the remainder-men, are theneal parties, in interest in whose names and right the suit should be prose-' cuted to judgment. This concession does not make the order; of the court in the premises an error which can now be in-' sisted on. It is not permitted to the appellants for the first time to complain in an appellate court that the proper parties were not brought into the litigation prior to the decree. If; they desired Lyon in his capacity as tenant for life, and the-children as remainder-men to be present, it was for them to object to the substitution of Lyon as executor, and to insist, on the necessity for the presence of the other parties. Consenting to the order as entered, they will not now be heard, to complain that it was erroneously made.
In the final decree, it was provided that the defendants-should recover from the plaintiff $300 as damages- for the detention of lots 1 to 8 from the time of the sale to the time of the entry of judgment. These damages it is insisted are totally inadequate, and that on the record it is evident the finding should have been for a sum largely beyond this amount. This is not clear. These lots were totally unimproved, and at the time of the transaction seem to have been offered for sale at fifty dollars a lot, and the sum entered as damages would be the rental value figured at twenty per cent of their selling price. At least this is as nearly as may be gathered from the record on this subject. The actual value of their. *150 use was not clearly nor satisfactorily shown, and there: is no data which would enable this court to say that the court’s finding of the amount of damages was totally unsupported by the testimony. Since this is true the decree cannot be disturbed because of this alleged error.
As has already been stated, the costs of this suit were adjudged against the defendants, and the costs of the suit in the county court against the plaintiff. This is made the basis of complaint by the appellants. It does not appear that Meily appealed from the decree, nor that there was any specific decree against him for costs at all. Judgment passed in his favor establishing his title to the eight lots with which he is apparently contented. Neither Putnam nor the Townsite Company can make the action of the court the basis of an assignment of error. The plaintiff recovered part of the property to which he claimed title, and in respect of these rights was entirely a successful litigant. In any event, the case being one in equity determinable by the court on the evidence before it, the matter of costs is so largely within the discretion of the chancellor that except in a case where there has been a plain and palpable abuse of it his action will not be disturbed. Ratcliffe et al. v. Dakan et al., 16 Colo. 100.
The remaining ground of the appellants’ complaint is that the decree restrains Putnam and the Townsite Company from interfering with the streets and alleys contiguous, to the lot adjudged to belong to Lyon, and laid out on the plat originally filed by the Townsite Company. It is insisted that the absence of evidence to establish the plaintiff’s right to the streets and alleys as platted, and to show the attempted interference of the defendants therewith, leaves the decree without the support of necessary proof. It is wholly unnecessary to discuss what might have been the rule concerning the necessity of proof on these subjects, had an issue been tendered which laid the burden on the plaintiff. According to the amended complaint and the amended answer, the plaintiff sufficiently averred his rights and adverse action by the defendants to entitle him to a decree in his favor in respect *151 of these matters, if his allegation were, admitted. The amended answer takes issue on none of these averments. What is said in the cross complaint on this subject need not be considered, since in no event can that be taken as a denial of the plaintiff’s complaint. The admissions which follow from the failure to deny relieve the plaintiff of the necessity to make proof, and entirely justifies the decree entered.
The preceding discussion disposes of all the errors discussed by counsel in their brief. The decree was justified by the proof, and is correct under the law, and since the court committed no substantial error in the trial of the case, the judgment must be affirmed.

Affirmed.